# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOHNATHAN BARNETT, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:18-cv-00841-CDP |
| ST. LOUIS CITY JUSTICE CENTER, et al. | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Johnathan Barnett for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $32.96. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss the claims against defendants St. Louis City Justice Center and Officer Sullivan, and will direct the Clerk of Court to issue process upon defendant Breanna Ems in her individual capacity.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion, plaintiff has submitted a certified inmate account statement. (Docket No. 4). The certified inmate account statement shows an average monthly deposit of $164.80. The Court will therefore assess an initial partial filing fee of $32.96, which is 20 percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under 42 U.S.C. § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but "does not accept as true any legal conclusion couched as a factual allegation"). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S 106, 113 (1993).

**The Complaint**

Plaintiff is a pretrial detainee at St. Louis City Justice Center, in St. Louis, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. In the caption of his complaint, plaintiff names only the St. Louis City Justice Center as a defendant. However, within the complaint, plaintiff also identifies two further defendants by name: Breanna Ems and Officer O. Sullivan. (Docket No. 1 at 2-3). Defendant Ems is sued in her individual capacity. Plaintiff does not indicate the capacity in which defendant Sullivan is sued.

Plaintiff's complaint states that on April 13, 2018, he was suffering migraines due to high blood pressure. (Docket No. 1 at 4). Plaintiff asked the housing officer in his unit to contact medical so that he could see the nurse. According to plaintiff, hours went by and his condition worsened. When the nurse came to the unit to pass out medication to other inmates, plaintiff

3

states that the housing officer popped his door. However, the nurse left before plaintiff could see her.

Plaintiff alleges that he asked the housing officer to call the lieutenant, but the officer refused and said there was nothing more she could do for him. He claims he was "patiently waiting" in his cell when another officer entered the unit. Plaintiff states that the housing officer, who he identifies as defendant Ems, asked the other officer, identified as defendant Sullivan, to borrow her mace. Officer Sullivan handed her mace to Officer Ems. Plaintiff alleges that Officer Ems approached him "aggressively and threatened to pepper spray" him in three seconds. Officer Ems allegedly proceeded to count down from three, and then sprayed plaintiff in his face. Plaintiff claims that Officer Ems, with the help of Officer Sullivan, grabbed him by the neck and forced him into the cell. (Docket No. 1 at 4-5). He also alleges that Officer Ems punched him in the back of the head, and further failed to call the lieutenant or the nurse. (Docket No. 1 at 5).

Plaintiff states that he suffered "mild bruises" to his neck, swelling in his face, and scratches to the back of his head and neck. He is seeking damages in the amount of $50,000. (Docket No. 1 at 7).

**Discussion**

Plaintiff's complaint alleges that defendant Ems used excessive force against him when she pepper sprayed him in the face, grabbed him by the neck, and punched him in the back of his head. He also alleges that defendant Sullivan assisted Ems. Having carefully reviewed and liberally construed plaintiff's allegations, and for the reasons discussed below, the Court must dismiss plaintiff's claims against defendants St. Louis City Justice Center and Officer Sullivan pursuant to 28 U.S.C. § 1915(e)(2)(B). However, the Court will direct the Clerk of Court to issue process upon defendant Ems in her individual capacity.

4

### A. Defendant St. Louis City Justice Center

Plaintiff's claims against defendant St. Louis City Justice Center must be dismissed because a jail is not a suable entity. *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail as a party because it was not a suable entity). Defendant St. Louis City Justice Center is a subdivision of city government. As such, it is not a distinctly suable entity and plaintiff has failed to state a claim against it.

Even if the City of St. Louis is substituted as the proper party defendant, plaintiff has still failed to state a claim for municipal liability.

A local governing body can be sued directly under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Municipal liability under § 1983 may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). Thus, there are three ways in which a plaintiff can prove municipal liability.

First, "policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials

responsible…for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390.

Alternatively, in order to establish a claim of liability based on "custom," the plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013). Finally, to establish deliberate indifference for purposes of failure to train, the plaintiff must show a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff named St. Louis City Justice Center as a defendant, and has alleged that he is housed at that facility as a pretrial detainee. However, he has not stated any further factual allegations with regard to the jail. Certainly, he has not asserted any facts stating that his alleged constitutional violation resulted from an official policy, an unofficial custom, or a deliberately

6

indifferent failure to train. By naming the St. Louis City Justice Center as defendant, plaintiff appears to be asserting liability based on the fact that defendants Ems and Sullivan are employed there. A municipality, however, cannot be held liable simply because it employs an alleged tortfeasor. *See A.H. v. St. Louis City, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality…cannot be liable on a respondeat superior theory"). Therefore, plaintiff has failed to state a claim for municipal liability, and the claims against defendant St. Louis City Justice Center must be dismissed.

### B. Defendant O. Sullivan

Plaintiff's claims against defendant Sullivan must be dismissed. In his complaint, plaintiff fails to specify whether he is suing Officer Sullivan in her official capacity or individual capacity. A plaintiff can bring a § 1983 claim against a public official acting in both her individual capacity and official capacity. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). However, if a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Id*. *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims").

Plaintiff does not indicate whether he is suing defendant Sullivan in her individual or official capacity. Since the complaint is silent, the Court must presume that Officer Sullivan is being sued in her official capacity.

A suit brought against a state official in his or her official capacity pursuant to § 1983 is not a suit against the official, but rather a suit against the official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). In other words, the real party in interest in an official-capacity suit is not the named official, but the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). *See also Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Defendant Sullivan is alleged to be employed as a correctional officer by the St. Louis City Justice Center. A suit against her in her official capacity is treated as a suit against the agency that employs her. However, as noted above, a jail is not a suable entity under § 1983. *See Owens*, 328 F.3d at 1027. Even if the municipality of St. Louis were substituted as a defendant, plaintiff has not alleged any facts showing the city has an unconstitutional policy, unofficial custom, or has failed to train or supervise its employees. *See Mick*, 883 F.3d at 1089. Accordingly, the official capacity claim against defendant Sullivan must be dismissed.

### C. Defendant Ems

Plaintiff's excessive force claim against defendant Ems is sufficient to survive initial review. Plaintiff is a pretrial detainee at the St. Louis City Justice Center. The Due Process Clause protects pretrial detainees from the use of excessive force amounting to punishment. *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015). *See also Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (stating that "under the Due Process Clause, a detainee may not be punished prior to

an adjudication of guilt in accordance with due process of law"); and *Smith v. Conway Cty., Ark.*, 759 F.3d 853, 858 (8th Cir. 2014) (stating that "the Due Process Clause prohibits any punishment of a pretrial detainee, be that punishment cruel-and-unusual or not"). Analysis of excessive force claims under the Due Process Clause focuses on whether the defendant's purpose in using force was "to injure, punish, or discipline the detainee." *Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014). The Fourteenth Amendment gives state pretrial detainees "rights which are at least as great as the Eighth Amendment protections available to a convicted prisoner." *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014). Indeed, pretrial detainees are afforded greater protection than convicted inmates in the sense that the Due Process Clause prohibits the detainee from being punished. *Id.*

According to plaintiff's complaint, he asked his housing unit officer, defendant Ems, to contact medical so that he could see a nurse. When the nurse came to the floor, plaintiff missed seeing her. At that point, he alleges that he requested that Officer Ems contact the lieutenant. Plaintiff states he was "patiently waiting" by his cell when Officer Sullivan entered the unit. Officer Ems asked Officer Sullivan to borrow her mace. Plaintiff claims that Officer Ems then approached him "aggressively" and threatened to spray him with the mace on the count of three. Officer Ems proceeded to count down, and then deployed a burst of pepper spray to plaintiff's face. Next, Officer Ems, along with Officer Sullivan, grabbed him by the neck and pushed him into his cell. He further alleges that Officer Ems punched him in the back of his head.

In essence, plaintiff has alleged that defendant Ems used excessive force on him without reason or provocation. There is no indication that Officer Ems was attempting to maintain or restore discipline. Moreover, since plaintiff is a pretrial detainee, he cannot be punished. Rather, the inference to be drawn from plaintiff's complaint is that Officer Ems used force against

9

plaintiff merely because he had requested that Ems's supervisor be contacted. These allegations must be accepted as true and construed in plaintiff's favor. *See Kulkay v. Roy*, 847 F.3d 637, 641 (8th Cir. 2017). As such, plaintiff's excessive force allegations against defendant Ems are sufficient to survive initial review.

Similarly, plaintiff's deliberate indifference claim is sufficient for purposes of initial review. The government has an obligation to provide medical care to inmates. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997). Proving deliberate indifference requires a showing that the prison official "knew of and disregarded a serious medical need." *Smith v. Clarke*, 458 F.3d 720, 723 (8th Cir. 2006). Deliberate indifference can include the intentional denial or delay of access to medical care. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

Plaintiff alleges that this incident began when he asked Officer Ems to contact medical. He states that he had migraines due to high blood pressure, and over a matter of hours, the condition grew worse. According to plaintiff, Officer Ems refused to contact a lieutenant when he missed seeing the nurse. Furthermore, after Officer Ems allegedly deployed pepper spray in his face, forced him into his cell, and punched him in the back of his head, she again refused to contact medical. Accepting these allegations as true, plaintiff has demonstrated that Officer Ems knew of a serious medical need and intentionally denied his access to care. Accordingly, plaintiff's claim for deliberate indifference against defendant Ems is sufficient to survive initial review.

Plaintiff's claims against defendant Ems for excessive force and deliberate indifference are adequate to pass threshold review under § 1915(e)(2)(B). Therefore, the Clerk of Court will be directed to issue process on Officer Ems in her individual capacity.

### D. Plaintiff's Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel (Docket No. 3). "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). *See also Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) ("In civil cases, there is no constitutional or statutory right to appointed counsel…Rather a court may request an attorney to represent any person unable to afford counsel"). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $32.96 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his

remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall add Breana Ems and O. Sullivan as defendants on the docket in this action.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants St. Louis City Justice Center and O. Sullivan are **DISMISSED** without prejudice. A separate order of partial dismissal with be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon Breana Ems in her individual capacity. Defendant Ems shall be served in her individual capacity through the waiver agreement the Court maintains with the St. Louis City Counselor's Office.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

Dated this 27th day of August, 2018.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE